16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Raymond D. MARKLEY, Jr., Plaintiff-Appellant,
v.
Sherriff John LAWSON, Mike Lowe Torrie Artis, et al.
Defendants-Appellees.
 No. 93-3028.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 15, 1993.
Decided Feb. 1, 1994.
 
 Before CUDAHY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Raymond Markley seeks the reversal of the district court's grant of summary judgment in favor of the defendants on his claim that he was denied access to the courts. He argues that the Grant County Jail law library was so inadequate he was unable to perform preliminary legal research. We find that the district court properly granted summary judgment on the ground that Markley's affidavit was insufficient to support his claim.
 
 
 2
 While incarcerated in the Grant County Jail, Raymond Markley filed several civil rights actions under 42 U.S.C. Sec. 1983 claiming, inter alia, that the defendants deprived him of his right of access to the courts by failing to provide him with an adequate law library for use in his pending criminal case and in pursuing his civil rights claims. The defendants filed a motion for summary judgment claiming in relevant part that Markley had failed to establish a prima facie case because he did not allege prejudice from the denial of his right of access to the courts. With the assistance of court appointed counsel, Markley responded to the summary judgment motion with a supporting affidavit, abandoning all but two of his claims. In his affidavit, Markley stated:
 
 
 3
 When I did get to use the law library, the materials there were in such a state of disarray that I was unable to find any useful legal information to assist me in my pending criminal cases or my Sec. 1983 claims.
 
 
 4
 * * *
 
 
 5
 * * *
 
 
 6
 My inability to have access to a minimally sufficient law library while incarcerated at the Grant County Jail has prevented me from pursuing my claims under Sec. 1983 effectively.
 
 
 7
 (Appellant's Appendix F, page 1-2).
 
 
 8
 The district court granted the defendant's summary judgment request on March 31, 1993, finding that Markley had failed to establish the prejudice prong of his prima facie case as required by Shango v. Jurich, 965 F.2d 289, 292 (7th Cir.1992). Markley filed a motion to reconsider claiming that under DeMallory v. Cullen, 855 F.2d 442, 448-49 (7th Cir.1988), and Jenkins v. Lane, 977 F.2d 266, 268-69 (7th Cir.1992), he was not required to show prejudice because the violation of his right of access to the courts was "substantial and continuous," such that prejudice is presumed. The district court reconsidered its order and concluded that in order to prove on summary judgment that the violation was "substantial and continuous," Markley was required to allege specific facts demonstrating that he was unable to do preliminary legal research. Because Markley failed to do so, prejudice could not be presumed and having failed to show prejudice, Markley could not establish a prima facie case.
 
 
 9
 Markley timely served his motion to reconsider on April 14, 1993, the tenth business day after the entry of judgment. Fed.R.Civ.Pro. 5(b), 6(a). Thus, we may treat the motion as though it had been brought under Federal Rule of Civil Procedure 59(e). Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin, 957 F.2d 553 (7th Cir.), cert. denied, 113 S.Ct. 91 (1992); Charles v. Daley, 799 F.2d 343, 347 (7th Cir.1986). As a result, this court has jurisdiction to consider both the denial of the motion to reconsider and the underlying grant of summary judgment.
 
 
 10
 We review the grant or denial of a motion for summary judgment de novo. Jenkins, 977 F.2d at 268. The party moving for summary judgment bears the initial burden of informing the court of the basis for its motion and demonstrating the absence of a material issue of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The moving party need not support the motion with affidavits or materials, where the motion is made in reliance on the pleadings. Id. Thus, if the nonmoving party bears the burden of proof on a dispositive issue, the moving party may satisfy its burden on summary judgment by demonstrating that despite time for discovery the nonmoving party failed provide any evidence in support of its claims. Id. at 323-24.
 
 
 11
 On the other hand, the party opposing a properly supported summary judgment motion may not rest on the allegations in the pleadings but must introduce affidavits and other evidence that "designate 'specific facts showing that there is a genuine issue for trial.' " Celotex, 477 U.S. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Jenkins, 977 F.2d at 268. Where the respondent fails to make a showing sufficient to establish an element on which it bears the burden, summary judgment must be granted. Celotex, 477 U.S. at 322. In that instance, no genuine issue of material fact could exist "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 322-23.
 
 
 12
 The right of access to the courts is an inmate's most fundamental right. Jenkins, 977 F.2d at 269. "All other rights of an inmate are illusory without it, being entirely dependent for their existence on the whim or caprice of the prison warden." Adams v. Carlson, 488 F.2d 619, 630 (7th Cir.1973). The right extends to pre-trial detainees as well as convicted prisoners. Lock v. Jenkins, 641 F.2d 488 (7th Cir.1981). To establish a prima facie case of a denial of access to the courts, an inmate must satisfy two requirements. Jenkins, 977 F.2d at 268. First, the inmate must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977).[1] Second, the inmate must show "some quantum of detriment caused by the challenged conduct," such as delay or interruption in litigation. Shango, 965 F.2d at 292. The second requirement is waived, however, where the prison officials' shortcomings are not minor, but "substantial and continuous." DeMallory, 855 F.2d at 448-49.[2] The question whether a limitation on the right of access is "substantial and continuous" does not address the adequacy of the materials or assistance provided, but goes to the issue of whether prejudice will be assumed.
 
 
 13
 Because a finding that a deprivation is "substantial and continuous" could allow an inmate to bring a claim, even if he never sought access to legal materials, a clear definition of those terms is crucial. The definition should preserve the general principle that recovery may not be had under Sec. 1983 without a showing of prejudice, but should not foreclose claims by inmates who fail to show prejudice precisely because the resources relied on were inadequate. The prejudice requirement is waived in the most egregious cases because "a prisoner without any access to materials cannot determine the pleading requirements of his case, including the necessity of pleading prejudice." Jenkins, 977 F.2d at 269. The court, in Jenkins, defined "a 'substantial and continuous' limitation as any restriction on counsel or legal materials that completely prevents the prisoner, or a person acting on the prisoner's behalf, from performing preliminary legal research." Jenkins, 977 F.2d at 269. Thus, the prejudice requirement is flexible in that an inmate is required to show actual prejudice, unless he can establish that he is unable to perform preliminary legal research on his claims.
 
 
 14
 Here, the district court granted summary judgment because Markley failed to allege or establish prejudice, and therefore he did not prove a prima facie case that his right of access to the courts was violated. In his motion to reconsider, Markley conceded that he could not establish prejudice. Therefore, the only question before the court is whether Markley demonstrated that his right of access to the courts was so "substantial and continuous" that he was prevented from performing preliminary legal research.
 
 
 15
 In their motion for summary judgment, the defendants properly argued that Markley's complaint failed to allege his inability to perform preliminary legal research, an element of his prima facie case. Therefore, Markley was required to respond with specific evidence on that issue. It should be noted that in responding to the summary judgment motion, Markley was assisted by court appointed counsel. Nevertheless, his affidavit, in which he stated that he was unable to find anything useful to assist him in pursuing his claims, was insufficient. He did not explain what library materials he would have required. Nor did he describe in any detail the condition of the materials that existed. In Jenkins, the court relied on the fact that the plaintiff was able to learn the pleading requirements of his claim in concluding that the denial of access to the courts was minor. Jenkins, 977 F.2d at 269. Similarly, Markley was able to learn the pleading requirements of his claims. Therefore, he has not established a denial of access so egregious that prejudice can be presumed.
 
 
 16
 Because Markley failed to make a prima facie showing of a violation of his right of access to the courts, the district court properly granted summary judgment in favor of the defendants.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Requiring a plaintiff to make this showing seemingly conflicts with the language in several cases indicating that it is the defendant who bears the burden of proving the adequacy of the means provided. Shango, 965 F.2d at 292; DeMallory, 855 F.2d at 448-49; Gray v. Faulkner, 811 F.Supp. 1343, 1350 (N.D.Ind.1992). However, as the district court stated in Gray, "the only sound reading of the cases requires the plaintiff to demonstrate the existence of a limitation on access to legal materials that could allow a trier of fact to find a constitutional deprivation." Gray, 811 F.2d at 1350
 
 
 [2]
 Although Markley is no longer in the Grant County Jail and cannot seek injunctive relief, this case is not rendered moot by the application of waiver. Even where a deprivation of the right of access does not cause "actual, provable injury," nominal damages are appropriate. Sahagian v. Dickey, 827 F.2d 90, 100 (7th Cir.1987) ( cinting Memphis Community Sch. Dist. v. Stachura, 477 U.S. 299, 308 n. 11 (1986))